518 P.2d 105

**STATE of Arizona, Appellee,**

v.

**Harmon Lee ELLIS, Appellant.**

**Nos. 2578, 2579.**

Supreme Court of Arizona,
In Banc.

Jan. 17, 1974.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Harmon Lee Ellis, in pro. per.

STRUCKMEYER, Justice.

Harmon L. Ellis was indicted on two charges, one, for the robbery of an A. J. Bayless Market in Phoenix, Arizona, and, two, for the possession of marijuana, both felonies. He entered pleas of guilty and, after being sentenced, appealed. At his request, this Court discharged the public defender who was appointed by the court below to assist him in his appeals. It appearing that identical questions were presented by the appeals, the cases were consolidated for decision. Defendant thereafter filed a single brief in propria persona, being assisted by another inmate of the state penitentiary.

Defendant asserts that his guilty pleas were the product of a plea bargain which was not kept for the reasons, first, that in exchange for his guilty pleas the state agreed not to allege any prior convictions, and that although the state did not allege any prior convictions, it brought them out at an aggravation of punishment hearing so that the judge was thereby influenced to impose more severe sentences.

It should be noted that appellant and his gratuitous counsel have made assertions of fact in the opening brief which are not supported by the record. It is true that the prosecution agreed to withdraw its motion to allege prior convictions and the defendant agreed to plead guilty, but the record does not contain any evidence that the state agreed to remain silent about the defendant's past criminal activities. In point of fact, on August 9, 1972, before defendant changed his pleas, his counsel told the court:

"—we have agreed to plead guilty to the charges presently on file in 72618 and

72619. This is with the understanding that the County Attorney will withdraw his motion to have the allegation of prior convictions; is that correct, Mr. Hyder [the Assistant County Attorney]?"

Hence, assuming that the plea bargain was impliedly contingent on suppression of the defendant's past criminal activities, the court was informed by defendant's counsel, in defendant's presence, that he had prior convictions.

■ Second, defendant says that he was promised he would be returned to Oklahoma, from which state he was an escapee, there to serve his Oklahoma and Arizona sentences concurrently. Here, again, the record does not support appellant's complaint. As previously indicated, the statement of counsel in open court in the presence of the defendant was to the effect that defendant would plead guilty "with the understanding that the County Attorney will withdraw his motion to have the allegation of prior convictions;". Nothing was then or thereafter said concerning defendant's being returned to Oklahoma to serve his Oklahoma and Arizona sentences concurrently, except that on September 6, 1972, at an aggravation hearing requested by the county attorney, the defense counsel made a statement to the court which was, in part, as follows:

"I further ask the Court to take into account the recommendation of the probation officer in this particular case where he asked that the defendant be allowed to return to Oklahoma to begin his time there. I believe he has approximately eight calendar years, eight more years to complete his term in Oklahoma plus whatever time that he'll get for the charge of escape from custody, which as it is in Arizona involves a consecutive sentence back there. I believe he asks in there that the Court run this particular prison sentence concurrently with that prison sentence, and there are good reasons for this.

\* \* \* \* \* \*

I would think that the more appropriate thing to do under the circumstances would be to allow him to return to Oklahoma and be sentenced on his new charge of escape back there and allow him to begin his term—of course he loses all his good time because of the escape back there—allow him to start that time and then as soon as his time is done there, then of course the Arizona State brings him back here to complete his sentence. \* \* \* I believe that would be the fair thing to do."

At the time of sentencing on September 14, 1972, the court told the defendant:

"Do you wish to say anything to the Court at this time?

DEFENDANT: No, I don't. I just would like to make a request that I be returned to Oklahoma. That's about all I have.

THE COURT: I don't have the power or authority I don't believe to do that. That's up to another authority other than this Court.

[DEFENSE COUNSEL]: \* \* \* We do request of course that Mr. Ellis be allowed to go back to Oklahoma.

However, I do understand we would have to go through the Attorney General in this matter."

The court, in sentencing the defendant, made the following order:

"THE COURT: It is further ordered that all sentences herein ordered shall run concurrently and that the same shall run concurrently with any time that the defendant spends from this day forward in the Oklahoma State Prison."

We do not believe there was any misunderstanding by the defendant as to the power of the court prior to sentencing to return him to Oklahoma. It is also apparent that the court honored the defendant's request to make the Arizona sentences run concurrently with Oklahoma's sentences if he were returned to Oklahoma.

As pointed out, the defendant has made factual assertions which are not borne out

by the record. If defendant wishes to establish a record with which to attack the judgments of convictions, these appeals are not the proper proceedings in which to do so.

Judgments affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.